## FITCHETT v. AMERICAN BILL–POSTING CO.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.)

APPEAL—REVIEW—DISCOVERY.

Where, on appeal from an order granting inspection of books, the fact that the examination would impose great hardship on appellant is set forth only in the brief of counsel, and not substantiated by affidavit, it will be disregarded.

Appeal from special term, Kings county.

Action by Margaret Fitchett, as administratrix of George H. Fitchett, deceased, against the American Bill-Posting Company and others. From an order granting plaintiff's motion for inspection of the books of the company, it appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

W. J. Foster, for appellant.

Charles J. Patterson, for respondent.

PER CURIAM. The plaintiff's petition was insufficient to authorize the granting of the order appealed from. It did not show that any right or interest of the plaintiff had been affected, injuriously or otherwise, by the acts of the defendants of which she complained. As not infrequently happens, however, the defects in the moving papers were supplied by the answering affidavits. These indicated that the plaintiff was asserting a cause of action based upon an injury to the estate of her intestate, who had been a stockholder in the appellant corporation, and, taken together with the petition, they afforded an adequate foundation for the order of inspection. If it appeared that the examination would impose great or unnecessary hardship upon the appellant, as asserted in its behalf, that fact would be a strong argument in favor of a reversal of the order. Ward v. Insurance Co., 78 Hun, 363, 29 N. E. 186. But the statements to show that such is the case are set forth only in the brief of counsel, and are not substantiated by affidavit. Under these circumstances they must be disregarded.

Order affirmed, with $10 costs and disbursements.