MARGARET FITCHETT, as Administratrix, etc., of GEORGE H. FITCHETT, Deceased, Respondent, *v.* THOMAS J. MURPHY, AMERICAN BILL POSTING COMPANY and Others, Appellants.

*Motion for an inspection of a defendant's books — granted where defects in the petition therefor are supplied by the answering affidavits.*

*It seems,* that a motion by a plaintiff for an inspection of a defendant company's books may be granted, notwithstanding the fact that the moving papers fail to show that any right or interest of the plaintiff has been affected injuriously or otherwise by the acts of the defendants, of which the plaintiff complains, where such defects in the moving papers are supplied by the answering affidavits which show that the plaintiff was asserting a cause of action based upon the injury to the estate of her intestate, who had been a stockholder in the defendant corporation, and which, taken together with the moving papers, afford an adequate foundation for the order of inspection.

APPEAL by the defendants, Thomas J. Murphy and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 5th day of February, 1898, granting the plaintiff's motion for an inspection of the defendant company's books.

*Walter J. Foster* [*James W. Ridgway* with him on the brief], for the appellants.

*Charles J. Patterson,* for the respondent.

PER CURIAM:

The plaintiff's petition was insufficient to authorize the granting of the order appealed from. It did not show that any right or interest of the plaintiff had been affected, injuriously or otherwise, by the acts of the defendants of which she complained. As not infrequently happens, however, the defects in the moving papers were supplied by the answering affidavits. These indicated that the plaintiff was asserting a cause of action based upon an injury to the estate of her intestate, who had been a stockholder in the appellant corporation, and, taken together with the petition, they afforded an adequate foundation for the order of inspection. If it appeared that the examination would impose great or unnecessary hardship upon the appellant, as asserted in its behalf, that fact would be a strong argument in favor of a reversal of the order (*Ward* v. *N. Y. Life Ins. Co.*, 78 Hun, 363); but the statements to show that such is the case are set forth only in the brief of counsel and are not substantiated by affidavit. Under these circumstances they must be disregarded.

. The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.