(38 App. Div. 144.)

## TAYLER v. AMERICAN RIBBON CO.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

DISCOVERY—TO PREPARE COMPLAINT.

Plaintiff is not entitled to an order for an examination of defendant's books to enable him to prepare his complaint, where he shows that he already has all the information necessary, except for stating the amount of damages, which does not have to be stated accurately.

Appeal from special term, New York county.

Action by George W. Tayler against the American Ribbon Company. From an order directing defendant to file with the county clerk its books of account for inspection by plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herman Herst, Jr., for appellant.

Frederick Wiener, for respondent.

PATTERSON, J. By the order appealed from herein, the defendant was required to deposit in the office of the county clerk of New York its sales and cash books and all other books of account showing sales made by it during a certain period of time, and the direction was made that such books so remain on deposit for six days, to enable the plaintiff, "with his attorney or other necessary assistants," to examine and take copies of the entries of such sales in said books. This order was granted upon a motion made for a discovery to enable the plaintiff to prepare his complaint. The affidavits presented by the plaintiff on that motion showed that his action is for a breach of a contract for the payment of commissions upon sales of merchandise made by the defendant. The plaintiff shows beyond doubt that he already has all the information necessary to make the allegations in a complaint proper to such an action. He has stated his cause of action as completely in his affidavits as it can be stated. The only possible pretext upon which further information could be required is that the plaintiff may state the amount of damages he claims. This order, so sweeping in its character, has been made only to enable the plaintiff to insert the ad damnum in his complaint. There is no rule of pleading requiring that to be stated with accuracy. The plaintiff may name an arbitrary amount, and recover within it. It is improper, to say the least, to allow a roving examination through the defendant's books, to deprive it of the possession of those books, to compel it to deposit them, and to subject it to the inconvenience of such an order, when there is no real need for such a course. The contents of the petition and affidavit of the moving party do not show, within rule 14 of the supreme court, the necessity for all these books to be taken from the possession of the defendant, nor are the technical requirements of that rule complied with. It has been held in applications of this character, and on a motion for a discovery to enable a party to frame a complaint, that there is no absolute right on the part of a plaintiff to have an examination of a defendant's books, and that,

where it is apparent that such an inspection would be a great hardship, an order of that description will not be granted, unless it is absolutely necessary. Ward v. Insurance Co., 78 Hun, 363, 29 N. Y. Supp. 186.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion for a discovery denied, with $10 costs. All concur; VAN BRUNT, P. J., in result.