(47 App. Div. 470.)

## BRUMMER v. COHEN.

(Supreme Court, Appellate Division, Second Department. January 16, 1900.)

DISCOVERY—INSPECTION OF BOOKS—DAMAGES—STATEMENT.

> Where the plaintiff is in possession of all the facts requisite to the statement of his cause of action, except the amount of his damages, an order for inspection of defendant's books should not be made before issue joined, merely to enable him to insert the amount of his damages in his complaint with accuracy, since damages need not be accurately stated, but plaintiff may state an arbitrary amount, and recover within it.

Appeal from special term, Kings county.

Action by Mark A. Brummer against Jacob Cohen. From an order directing the defendant to allow an inspection of his books, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Benno Loewy, for appellant.
Millard H. Ellison (Sol. M. Stroock, on the brief), for respondent.

HIRSCHBERG, J. By the order appealed from, the defendant was required to submit to an inspection of his books for the purpose of enabling the plaintiff to frame his complaint. In the petition on which the order was granted the plaintiff states that the action is brought to recover moneys due as commissions upon sales of defendant's goods, and that the inspection is material, in the words of the petition, "in order to enable the plaintiff to properly determine the amount due to him from the defendant." Aside from the question of amount, the moving papers show that the plaintiff is in possession of all the facts requisite to the statement of his cause of action. Under the circumstances, an order for inspection should

62 N.Y.S.—16

not be made before issue joined, only to enable the plaintiff to insert the ad damnum in his complaint. Taylor v. Ribbon Co., 38 App. Div. 144, 56 N. Y. Supp. 667. As the court said in the case cited: "There is no rule of pleading requiring that to be stated with accuracy. The plaintiff may name an arbitrary amount, and recover within it."

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.