### STANTON v. FRIEDMAN et al.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

DISCOVERY—EXAMINATION OF BOOKS—ALLEGATION OF DAMAGES.

> An agent, in an action against his principal for commissions, is not entitled to an examination of his employer's books for the sole purpose of alleging damages in his complaint, since he is entitled to allege his damages in an arbitrary sum, and recover any sum within the amount alleged.

Appeal from special term, New York county.

Action by Martin J. Stanton against Solomon Friedman and Edwin Mayer to recover commissions for goods sold by plaintiff while in defendants' employ. From an order granting plaintiff's motion for a discovery and inspection of defendants' books and papers to enable him to frame his complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

L. Bronner, for appellants.

J. T. Booth, for respondent.

VAN BRUNT, P. J. It seems to us that the order appealed from was not necessary to enable the plaintiff to frame his complaint. It may be true that, after the issues are joined, it may be necessary for the plaintiff, before the trial, and in preparation therefor, to have an examination of the defendants, at which they could be required to produce their books, and to furnish therefrom the information necessary to establish the damages claimed by the plaintiff. But it is by no means necessary that he should be in possession of the entries in the books in order to set out his cause of action. The case of Tayler v. Ribbon Co., 38 App. Div. 144, 56 N. Y. Supp. 677, gives clearly the reasons why such a discovery and inspection are not necessary prior to the service of the complaint.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.