CUTTING v. BALTIMORE & O. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1900.)

1. DISCOVERY—BOOKS OF ADVERSE PARTY—INSPECTION.
Where, in an action by a stockholder in a street-railway company against the corporation and another company, based on a violation of a contract entered into between the companies, an order is asked to examine defendants and inspect books, for the purpose of framing the complaint, and the affidavit therefor shows that the plaintiff is in possession of facts sufficient to enable him to frame his complaint, it is not error to refuse to make the order.

2. SAME—ORDER TO INSPECT BOOKS.
An application for an examination of books and papers in the possession of an adverse party may be made after issue is joined.

Appeal from special term, Kings county.

Action by Robert L. Cutting, on behalf of the stockholders of the Staten Island Rapid-Transit Railroad Company, against the Baltimore & Ohio Railroad Company and others. From an order denying a motion to examine the defendants, and inspect books and papers, in order to frame a complaint, the plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

E. L. Andrews, for appellant.
Paul E. de Fere, for respondent the Baltimore & O. R. Co.

GOODRICH, P. J. The summons in this action was served on the defendants on February 2, 1900. It was accompanied by a notice of motion for an order for the examination of the defendants, and for the inspection of certain agreements between the defendant corporations, and for an inspection of the books of the Baltimore & Ohio Railroad Company, for the purpose of enabling the plaintiff to prepare his complaint. The motion was based on an affidavit of the plaintiff that he is a stockholder of the Staten Island Rapid-Transit Railroad Company, and brings this action on behalf of himself and other stockholders, situated like himself, who may hereafter unite in the action. The court denied the motion, on the ground that the moving affidavits show that the plaintiff had sufficient knowledge of the facts to prepare his complaint, especially as to the agreement between the corporations, and that he had no absolute right to inspect the books for his present purpose; citing Ward v. Insurance Co., 78 Hun, 363, 29 N. Y. Supp. 186.

The affidavit seems to bear out the view taken by the learned justice at special term. It states that the Staten Island Rapid-Transit Railroad Company, the lessee of a railroad on Staten Island, on October 26, 1885, made an agreement with the Baltimore & Ohio Railroad Company, by which the latter company was to operate the road, furnish traffic, and pay the principal and interest of certain bonds of the Staten Island Rapid-Transit Railroad Company; and that the Baltimore & Ohio Company had defaulted in the payment of the interest, and otherwise broken and failed to carry out its agreement, in order to obtain the ownership of the road. These and attendant

facts are stated with a particularity which justifies the opinion that the plaintiff possesses information as to the agreement and its alleged breach amply sufficient to enable him to frame his complaint. Indeed, with necessary and formal changes, the affidavit would make a very respectable complaint.

As to the inspection of books and papers, application therefor can be made after issue, although we express no opinion upon the questions involved in such a motion. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.