THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, *v.* F. W. SEAGRIST, JR., COMPANY, Appellant.

*Discovery of books of account — application therefor by a fidelity and casualty company whose premiums depend upon the amount paid to the insured's employees — laches disregarded.*

The premium, payable under a policy of insurance insuring an employer against liability for injuries suffered by his employees and others during the term of the policy, was based upon an estimate of the compensation to be paid to the employees during the period of the policy. The policy provided that if the compensation actually paid should exceed the amount stated in the schedule attached to the policy the employer should pay the additional premiums earned, and that if it was less than the amount stated in such schedule the insurance company would return to the employer the unearned premiums. The policy further provided that the insurance company should have the right, at all reasonable times, to examine the books of the employer, so far as they related to the wages paid to the employees.

*Held,* that the court had power, upon a petition of the insurance company alleging that the employer had falsely misrepresented to it the amount of wages paid to his employees, to compel the employer to produce for the inspection of the insurance company the books of original entry showing the payments made to his employees, in order to enable the insurance company to frame its complaint in an action to be brought by it to recover additional premiums;

That, there being no denial by the employer that the statement made to the insurance company of the amount of wages paid to his employees was untrue, the court was justified in disregarding any *laches* on the part of the insurance company in applying for the order of discovery.

APPEAL by the defendant, F. W. Seagrist, Jr., Company, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1902, granting the plaintiff's motion for a discovery of defendant's books for the purpose of framing the complaint.

*Charles C. Sanders*, for the appellant.

*Charles C. Nadal*, for the respondent.

INGRAHAM, J.:

This application was for a discovery of certain books of account of the defendant corporation showing the amount of wages paid by the defendant to its employees during a period covered by certain policies of insurance, to enable the plaintiff to prepare its complaint. The action was brought to recover the amount of premium to which the plaintiff is entitled upon certain policies of insurance issued to the defendant. The plaintiff, a corporation engaged in what is called the business of liability insurance in the city of New York, issued to the defendant certain policies insuring it against loss from liability for damages on account of injuries suffered by its employees and others during the term of the policies. The policies seem to have been issued for the year commencing April 1, 1899, and ending April 1, 1900, and for the year commencing April 1, 1900, and ending April 1, 1901. Under these policies the premium originally fixed was based on the estimate of the compensation paid by the defendant to its employees during the period of the policies. It was provided in the policies that " if the compensation actually paid exceeds the sum stated in the schedule hereinafter given, the assured shall pay the additional premium earned; if less than the sum stated, the company will return to the assured the unearned premium pro rata." Three of the policies appear to insure the defendant against liability for drivers employed by the defendant in its business. Upon these policies the premiums were based upon the number of drivers employed by the defendant during the period that the policies were in force, and the policies contained a provision that if the number actually employed was more than the number stated in the schedule the assured was to pay an additional premium in proportion; if the number was less, the company, on demand, was to return to the assured a proportionate premium, less

twenty-five per cent thereof for expenses. These policies also contained the provision that the plaintiff should have the right at all reasonable times to examine the books of the assured so far as they related to wages paid to employees and to the number of drivers employed; and the petition upon which the application is made states that after the expiration of each of the said policies the defendant made a written statement to the plaintiff purporting to show the actual amount of wages paid by the defendant to its employees during the term of such policy; that the plaintiff, relying upon such written statements and believing the same to be true, did not at that time attempt to obtain the examination of the defendant's books provided for in the contract of insurance; that these statements made by the defendant to the plaintiff were false and untrue, and that the defendant has, as to each policy, failed to accurately and truthfully report the amount of wages actually expended by it during the periods covered by the said policies, but in each instance has falsely and wrongfully misrepresented the amount of wages paid to its employees; that immediately upon the discovery of this fact the plaintiff demanded an inspection of the defendant's books, and that the defendant at first consented, but subsequently refused to allow such an inspection.

The defendant does not deny that the policies were issued to it, nor that the statements furnished were untrue, but denies that any fraudulent misrepresentations were made with respect to the statements made by the defendant in regard to the amount paid by it for labor in any of the years covered by the policies of insurance referred to in said petition, and denies that the plaintiff was deceived or misled by any statements made by the defendant.

In view of the nature of the contract whereby the amount of premium was to be determined by the amount actually paid by the defendant to its employees, it is evident that the only method the plaintiff had of ascertaining the amount of premium to be paid was by evidence that could only be furnished by the defendant. The plaintiff was, therefore, in a position in which it had to accept the statement of the defendant as to such amount, or have the right to examine the defendant's books of account to ascertain the correctness of the statements made. To meet this condition, the defendant expressly agreed that the plaintiff should have the right to

examine the defendant's books of account to verify the statement made as to the amount paid to its employees. The court below was satisfied that the defendant had refused to allow this examination, which, by its contract, it had agreed to allow; and it was as an enforcement of this agreement that the court was justified upon these allegations in requiring the defendant to submit its books containing the entries of the payments to its employees for inspection by the plaintiff. The general rule requiring a defendant to submit his private books and papers for an inspection by an adverse party is not applicable in such a case where, from the nature of the contract between the parties, the only method by which the amount due to the plaintiff could be ascertained was by an examination of the defendant's books, and where the parties, in view of this situation, had expressly agreed that the plaintiff should be entitled to such an examination.

Section 803 of the Code of Civil Procedure gives the court power to compel a party to an action to produce and discover or give to the other party an inspection and copy, or permission to take a copy, of a book, document or other paper in his possession or under his control relating to the merits of the action or of the defense therein; and we think, in view of the special contract between the parties, and the nature of the obligation of the defendant sought to be enforced in this proceeding, the court below was justified in allowing such an inspection as was necessary to determine the amount that the defendant actually paid to its employees during the period that these policies were in force. The delay in demanding an inspection of the books is explained by the fact that the defendant made statements as to the amount paid to its employees which the the defendant believed to be true, and that upon a discovery of the falsity of the statements, it at once made an application for an examination of the books. As there is no denial of the fact that the defendant did make a statement to the plaintiff, and that such statement was not true, the court was justified in disregarding any *laches* that there may have been in making the application.

We think, however, that the order is somewhat too broad. By it the defendant is required to produce and deposit with the clerk of the court " its ledgers, cash books, time books, time sheets, and all other books showing the amount of wages paid by it to its employes dur-

ing the period covered by the policies of insurance mentioned in the annexed petition, to wit: From April 1st, 1899, to April 1st, 1902." We do not think that the plaintiff was entitled to an inspection of any books not necessary to determine this question. It would appear that the books of original entry in which was entered the payment to its employees were the only books that the plaintiff was entitled to inspect.

The order should, therefore, be modified by requiring the defendant to produce and deposit with the clerk of the court the cash books, time books and time sheets in use by it during the period covered by the policies of insurance, to wit: From April 1, 1899, to April 1, 1902, and as modified, affirmed, without costs.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs.