Bartlett, Hirschberg, Jenks and Hooker, JJ., concurred.

Judgment of conviction affirmed.

---

Thomas F. Fitzhugh Lee, Respondent, *v.* Cyrus V. Washburn and George W. Sickels, Appellants.

*Action for an account of the profits of a business, procured by an employee for his employers under a contract by the latter to share such profits with the employee — the remedy held to be at law and not in equity.*

The complaint in an action alleged that the plaintiff entered the employ of the defendants, a firm of attorneys, under a written contract, by the terms of which he was to use his best endeavors to bring business and litigation into the defendants' office and was to receive, in addition to a stipulated salary, "one-third of the net profits of all the litigation that he may bring into the office;" that he had procured for the defendants a large amount of valuable business and litigation, from which a large amount of profits had accrued, which was in the hands of the defendants. He demanded, as relief, that the defendants account to him for all the business brought by him into their office and that he have judgment for one-third of such net profits.

The complaint did not allege that the plaintiff did not have a full and adequate remedy at law, or that the accounts were complicated or of great length. The contract of employment did not contain a provision for an accounting and an ascertainment of the profits.

*Held,* that the complaint stated a cause of action at law and not one in equity.

APPEAL by the defendants, Cyrus V. Washburn and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of May, 1902, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Andrew F. Van Thun, Jr.,* for the appellants.

*Alexander S. Lyman* and *John H. Winans,* for the respondent.

WOODWARD, J.:

The complaint in this action alleges that the plaintiff entered into the employment of the defendants, a firm of attorneys, under the terms of a written agreement, on or about the 1st day of January, 1900, and that between that date and the 1st day of June, 1901, he procured much valuable business and litigation, and rendered much valuable service and labor for the defendants herein, from which has accrued a large amount of net profits now in the hands of the defendants, and there is now due and owing this plaintiff from the defendants a large amount of money under the agreement, to divide the net profits, entered into on the 29th day of December, 1899. The contract, or agreement, provides that the plaintiff is to enter the employ of the defendants at a salary of eighteen dollars per week, and is to use his best endeavors to bring business and litigation into the office of the defendants, and, in addition to the compensation mentioned, he "is to receive as a further compensation one-third of the net profits of all the litigation that he may bring into the office." The complaint alleges demand for an accounting, and demands judgment that the defendants render to him an account in full of all the business brought into the office of said defendants by said plaintiff, in pursuance of said agreement, with a statement showing the net profits accrued thereon, and that he have judgment for one-third thereof, with interest from the various dates, and for such other and further relief as may be just, besides the costs of the action. The

action was noticed for trial by the plaintiff at the Equity Term, and, upon the case being called for trial, before any witnesses were sworn, the defendants moved that the case be sent to the jury calendar, claiming that a suit in equity did not lie, and that the action is one at law. Decision upon this motion was reserved and the trial proceeded, resulting in an interlocutory judgment, directing an accounting on the part of the defendants, from which the latter appeal.

There is no allegation in the complaint, nor do the facts pleaded show, that the plaintiff has not a full and adequate remedy at law under his contract of employment. He is not a partner in the business; he has assumed none of the reciprocal responsibilities which make him a *quasi* partner, where he would, under the authorities be entitled to an accounting (*Parker* v. *Pullman & Co.*, 36 App. Div. 208, 215, and authorities there cited), and, aside from the fact that the plaintiff does not appear to know the amount of the net profits, we discover no reason why a court of equity should have taken jurisdiction of this action. The plaintiff does not allege that the accounts are complicated or of great length; there is no provision in the contract, as in the case of *Parker* v. *Pullman & Co.* (*supra*), for an accounting and an ascertainment of the profits, and it requires a long stretch of the imagination to bring the plaintiff and defendants into a fiduciary relation under the provisions of a contract of employment such as is set forth in the pleadings. In speaking of an equitable jurisdiction to grant an accounting the Court of Appeals, in *Marvin* v. *Brooks* (94 N. Y. 71, 80), say that " The best considered review of the authorities puts the equitable jurisdiction upon three grounds, viz. : The complicated character of the accounts ; the need of a discovery, and the existence of a fiduciary or trust relation. * * * The necessity for a resort to equity for the first two reasons is now very slight, if it can be said to exist at all, since a court of law can send to a referee a long account, too complicated for the handling of a jury, and furnishes by an examination of the adverse party before trial, and the production and deposit of books and papers, almost as complete a means of discovery as could be furnished by a court of equity." (*Uhlman* v. *New York Life Ins. Co.*, 109 N. Y. 421, 433.) The latter case says: " Judges in the English equity courts have been somewhat slow to maintain jurisdiction in a case where the ground thereof was solely

that the account was complicated, and although there are very many cases in which the statement has been made that equity would sometimes take jurisdiction on that account, yet, in most of them, it is seen that there were added to that other grounds making it proper for equity to assume cognizance of the cases." (P. 433.) This it will be observed was the situation in the case of *Parker* v. *Pullman & Co.* (*supra*), relied upon by the plaintiff. (See middle of page 217.)

To affirm the interlocutory judgment now before us is to extend the jurisdiction of equity beyond the extreme limit marked by the adjudicated cases, and to give the plaintiff a remedy different from that accorded to other litigants in actions of which courts of law have jurisdiction, and the mere fact that the plaintiff does not know the amount of his claim is of no importance, as he may name an arbitrary amount and recover within the limit thus fixed. (*Brummer* v. *Cohen*, 47 App. Div. 470.) The plaintiff sets forth in his complaint a cause of action at law, and the motion of the defendants to send the case to the jury calendar for trial should have been granted. (See *Everett* v. *De Fontaine*, 78 App. Div. 219 ; 79 N. Y. Supp. 692, for a discussion of the general subject.)

The interlocutory judgment should be reversed and the case sent to the jury calendar for trial.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Interlocutory judgment reversed, and case sent to the jury calendar for trial, costs to abide the event.