William D. Martin, Respondent, *v.* The New Trinidad Lake Asphalt Company, Limited, Appellant.

*Inspection of books and papers — not granted to enable plaintiff to state the amount of his claim.*

An inspection and discovery of books and papers will not be ordered for the sole purpose of enabling a plaintiff to state in his complaint the amount which he claims to be entitled to recover.

Appeal by the defendant, The New Trinidad Lake Asphalt Company, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of October, 1903, denying the defendant's motion to vacate an order for the discovery and inspection of defendant's books and accounts, and modifying such order for discovery.

*Abram J. Rose,* for the appellant.

*Henry B. Johnson,* for the respondent.

Patterson, J.:

This appeal is from an order denying a motion to vacate an order for an inspection and discovery of books. The order sought to be vacated requires the defendant to give to the plaintiff a discovery and inspection, and permission to take copies of statements and accounts described in a petition, and provides that the discovery and

inspection be made by requiring the defendant to deliver to the plaintiff, on or before a date fixed, sworn copies of statements and accounts, and, if such statements are not furnished, then to deposit the books of account of the defendant and of statements rendered to the defendant by another company, at the office of the plaintiff's attorneys or in the office of the clerk of this court.   That order was granted on a petition of the plaintiff, in which he states that this action is brought to recover damages for the breach of a contract in writing for the payment of royalties by the defendant, for the use by the defendant and its licensees of processes covered by letters patent of the United States and of the Island of Trinidad, under which contract the defendant agreed to furnish statements of the amounts of dried and refined asphalt produced, used or sold by the defendant, and upon which, under the terms of the contract, the plaintiff was entitled to royalty.

The only ground upon which the plaintiff sought to have an inspection and discovery is to enable him to ascertain the amount of royalties to which he would be entitled, and he alleged that that was necessary in order to enable him to frame his complaint and for no other reason.

That the plaintiff may be entitled, at the proper time, to an inspection and discovery to enable him to obtain evidence necessary to prove the amount he may be entitled to recover upon a trial, may be true, but it is not necessary that he should have such inspection and discovery at this time simply for the purpose of enabling him to state in his complaint what damages he demands.   (*Tayler* v. *American Ribbon Co.*, 38 App. Div. 144; *Brummer* v. *Cohen*, 47 id. 470.) The application for an inspection in this case falls within what was held in the cases cited.   The case of *C. & C. Electric Co.* v. *Walker Co.* (35 App. Div. 426) does not affect this application.   That was an appeal from an order directing a compulsory reference of an action in which judgment was demanded for the amount of royalties.   It was held that it was purely an action at law, and where an account was sought of the articles manufactured and sold by the defendant, subject to royalties, the taking of an account was merely an incident to the action, and was required as evidence to enable the plaintiff to fix the amount of the recovery to which he was entitled and did not authorize a compulsory reference.   The question as to

the plaintiff being entitled to an inspection of books to enable him to frame a complaint, did not arise and was not before the court; and what is said upon that subject is only a dictum, opposed to the later decisions upon the subject. In *Fidelity & Casualty Co.* v. *Seagrist, Jr., Co.* (79 App. Div. 614) the right to the inspection was put expressly upon the ground that the plaintiff was by agreement entitled to such inspection at any and all times, the court remarking that the general rule requiring a defendant to submit his books and papers for inspection by an adverse party is not applicable to a case where, from the nature of the contract between the parties, the only method by which the amount due to the plaintiff can be ascertained is by an examination of the defendant's books, and where the parties in view of this situation have expressly agreed that plaintiff should be entitled to such an examination at any time. The order was sustained " in view of the special contract between the parties and the nature of the obligation of the defendant sought to be enforced " in that proceeding.

The order denying the motion to vacate the order for an inspection of books and papers should be reversed, with ten dollars costs and disbursements, and the motion to vacate such order should be granted, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.