(88 App. Div. 548.)

DANNENBERG v. HELLER.

(Supreme Court, Appellate Division, First Department.   December 11, 1903.)

1. DISCOVERY AND INSPECTION—PETITION—SUFFICIENCY.
     A petition for an order for discovery and inspection of defendant's books before serving complaint is insufficient where it does not show that the plaintiff does not possess the facts for which inspection is sought, though it states that the inspection is necessary to enable him to frame his complaint.

Appeal from Special Term, New York County.

Motion by Robert L. Dannenberg for inspection and discovery of the books of Samuel Heller.   From an order granting the motion, defendant appeals.   Reversed.

¶ 1. See Discovery, vol. 16, Cent. Dig. § 125.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Nathaniel Cohen, for appellant.
Abraham A. Silverberg, for respondent.

PER CURIAM. The plaintiff alleges that he was employed as a salesman to sell the defendant's wares, and that he was to receive for his services a certain percentage of the amount of the sales. He states that a discovery and inspection of certain of the defendant's books are necessary in order to enable him to frame his complaint. The plaintiff's petition, upon which his application was passed, is insufficient in failing to show that he is not possessed of all the facts for which the inspection is sought.

It is seldom in a case like this that such an application for the purpose of framing a complaint is granted, because, as a rule, it is unnecessary, the plaintiff ordinarily being in a position to frame his complaint, though he may subsequently need the information or the evidence to sustain it upon the trial. Thus, in Martin v. New Trinidad Lake Asphalt Co. (November term) 84 N. Y. Supp. 711, it is said:

"That the plaintiff may be entitled at the proper time to an inspection and discovery to enable him to obtain evidence necessary to prove the amount he may be entitled to recover upon a trial may be true, but it is not necessary that he should have such inspection and discovery at this time simply for the purpose of enabling him to state in his complaint what damages he demands. (Taylor v. American Ribbon Co., 38 App. Div. 144 [56 N. Y. Supp. 667]; Brummer v. Cohen, 47 App. Div. 470 [62 N. Y. Supp. 241.])"

Here, however, we need not pass upon the question of whether the plaintiff has presented an exceptional case entitling him at this stage to an examination of the defendant's books, because, it appearing that there is no statement in the petition from which the inference can fairly be drawn that he does not possess the information requested, the application should have been denied.

The order accordingly is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.