FIDELITY & CASUALTY CO. OF NEW YORK v. WENDELL & EVANS CO.

(Supreme Court, Appellate Term.  March 24, 1904.)

1. INDEMNITY INSURANCE — PREMIUMS — INSPECTION OF BOOKS — EXTENT OF RIGHT.

Where defendant affirmed the truthfulness of the statement furnished to plaintiff on which the premiums for indemnity policies should be calculated, and offered plaintiff's accountant full opportunity to inspect its timebooks constituting the original entry showing the wages paid to its employés in detail, and its bookkeeper positively testified that the other books which plaintiff sought to examine did not contain detailed entries of the amounts paid employés, and plaintiff did not show the information it had received which had caused it to doubt the accuracy of defendant's statement, nor aver any fact tending to show that any information could be obtained from the other books which would not appear from the timebooks, plaintiff was not entitled to an order for the inspection of the other books, though entitled to an inspection to determine the wages actually paid by defendant.

Appeal from City Court of New York, Special Term.

Action by the Fidelity & Casualty Company of New York against the Wendell & Evans Company. From an order granting insufficient relief, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Nadal & Carrere (Charles C. Nadal and William D. Stiger, of counsel), for appellant.

Parker & Aaron (Loren D. Wood, of counsel), for respondent.

SCOTT, J. · The case of the Fidelity & Casualty Company v. Seagrist, 79 App. Div. 614, 80 N. Y. Supp. 277, is authority for the proposition that under certain circumstances an order such as the plaintiff asked for in this action should be granted. But it is also authority for the further proposition that such an order should only be made to apply to an inspection of the books necessary to determine the wages actually paid, and that the books of original entry in which are entered the payments made to employés were the only books which the plaintiff is entitled to inspect. In that case the defendant did not deny that the statements made by it as to wages paid were untrue, and refused to permit any examination whatever of any of its books. In the present case the defendant distinctly affirms the truthfulness of the statements furnished to plaintiff upon which the premiums were calculated. It has offered to plaintiff's accountant full opportunity to inspect the defendant's timebooks, which are said to be the books of original entry

showing the wages paid to its employés in detail. The defendant's bookkeeper swears positively that the other books which the plaintiff seeks to examine will not give the information desired, and do not contain detailed entries of the amounts paid employés. The plaintiff does not show what information it has received which has caused it to doubt the accuracy of defendant's statements, and does not state any fact showing or tending to show that any information can be obtained from the other books of defendant which will not appear from an inspection of the timebooks.

The order was right, and should be affirmed, with $10 costs and disbursements. All concur.