### BALLENBERG v. WAHN et al.

(Supreme Court, Appellate Division, First Department. March 24, 1905.)

1. DISCOVERY—EXAMINATION OF BOOKS—WHEN GRANTED.

An order permitting plaintiff to examine defendant's books for the purpose of framing a complaint should be granted, although plaintiff has sufficient information to frame his complaint without such an examination, where the contract on which the action is brought gives plaintiff the right of inspecting defendant's books and papers.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 111.]

2. SAME—PROVISIONS OF ORDER.
>    Where plaintiff's right to an examination of defendant's books for the purpose of framing his complaint will be preserved by authorizing such an examination at defendant's place of business, in ordinary course, during business hours, the order granting the examination should provide accordingly.

Appeal from Special Term, New York County.

Action by Samuel Ballenberg against Charles Wahn and another. From an order denying an order permitting an examination of defendants' books for the purpose of framing a complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Abraham Levy, for appellant.
Henry Friedman, for respondents.

HATCH, J. The plaintiff presented a petition to the court, in which he showed that this action was commenced upon the 19th day of May, 1904, by the service of a summons upon the defendants; that thereafter, upon the 23d day of May, 1904, the defendants duly appeared by the service of a written notice of appearance. The action was founded upon the breach of a written contract, a copy of which was annexed to the petition, from which it appears that the defendants agreed to pay the plaintiff $20 per week, and one-third of the net profits of their saloon, café, and music hall business, which plaintiff agreed to conduct and manage for the defendants. It also appeared by the contract that the payment of plaintiff's share of the profits was to be adjusted and paid over to him every three months, and that he was to have the right and privilege of inspecting all of the books and papers of the defendants. It further appeared that the defendants failed to pay all that was due to the plaintiff as his share in the profits of the business, and also refused to permit him to examine their books and vouchers after he had made a due demand therefor. Petitioner prayed that an order issue, directing the defendants to produce their books, vouchers, receipts, and checks, showing what they had received and paid out in carrying on of the business, or, in the alternative, that they show cause why they should not produce the same. On the return day of the order to show cause, the court denied the application for an inspection, upon the authority of Taylor v. American Ribbon Co., 38 App. Div. 144, 56 N. Y. Supp. 667. There, as here, it appeared that the plaintiff had sufficient information to frame his complaint; and the court held that an inspection would not be ordered, to enable the plaintiff to state the amount of the damages claimed. There is an essential difference, however, between that case and the present, for herein the right to inspect books and papers was expressly reserved in the contract, and this was held sufficient in Fidelity & Casualty Co. v. Seagrist, Sr., Co., 79 App. Div. 614, 80 N. Y. Supp. 277, to authorize an inspection, as such order simply preserved the right which the plaintiff had secured by his contract. Martin v. New Trinidad Lake Asphalt Co., 87 App. Div.

472, 474, 84 N. Y. Supp. 711. It follows, therefore, that the motion for the inspection should have been granted. The rights of the plaintiff will be preserved by authorizing an inspection of the books and papers at the place of business of the defendant in ordinary course during business hours, and the order to be entered should so provide.

It follows that the order should be reversed, with $10 costs and disbursements to the appellant, and the motion granted, with $10 costs. All concur.