Samuel Ballenberg, Appellant, *v.* Charles Wahn and Henry Thies, Respondents.

*Inspection of defendant's books, ordered where a contract provides for it, although it is not necessary to enable plaintiff to frame his complaint — form of order.*

In an action brought to recover damages for the breach of a written contract, by the terms of which the defendants agreed to pay the plaintiff the sum of twenty dollars a week and one-third of the net profits of their saloon, café and music hall business, as compensation for the plaintiff's services in conducting and managing such business, and by which they agreed that the plaintiff's share of the profits should be adjusted and paid over to him every three months, and that he should have the right and privilege of inspecting all the books and papers of the defendants, it was

*Held,* that the plaintiff, who had not yet served his complaint, was entitled to an order allowing him to inspect the defendants' books and papers, although it appeared that such an inspection was not necessary to enable him to frame his complaint;

That the order for the inspection should provide that the inspection be had at the defendants' place of business in ordinary course during business hours.

Appeal by the plaintiff, Samuel Ballenberg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of September, 1904, denying the plaintiff's motion for leave to inspect and examine defendants' books for the purpose of framing his complaint.

*Abraham Levy,* for the appellant.

*Henry A. Friedman,* for the respondents.

HATCH, J.;

The plaintiff presented a petition to the court in which he showed that this action was commenced on the 19th day of May, 1904, by the service of a summons upon the defendants; that thereafter upon the 23d day of May, 1904, the defendants duly appeared by the service of a written notice of appearance. The action was founded upon the breach of a written contract, a copy of which was annexed to the petition, from which it appears that the defendants agreed to pay to the plaintiff twenty dollars per week and one-third of the net profits of their saloon, café and music hall business which plaintiff agreed to conduct and manage for the defendants. It also appeared by the contract that the payment of plaintiff's share of the profits was to be adjusted and paid over to him every three months and that he was to have the right and privilege of inspecting all of the books and papers of the defendants. It further appeared that the defendants failed to pay all that was due to the plaintiff as his share in the profits of the business and also refused to permit him to examine their books and vouchers after he had made a due demand therefor. Petitioner prayed that an order issue directing the defendants to produce their books, vouchers, receipts and checks, showing what they had received and paid out in carrying on of the business, or in the alternative that they show cause why they should not produce the same. On the return day of the order to show cause the court denied the application for an inspection upon the authority of *Tayler* v. *American Ribbon Co.* (38 App. Div. 144). There, as here, it appeared that the plaintiff had sufficient information to frame his complaint and the court held that an inspection would not be ordered to enable the plaintiff to state the amount of the damages claimed. There is an essential difference, however, between that case and the present, for herein the right to inspect books and papers was expressly reserved in the contract, and this was held sufficient in *Fidelity & Casualty Co.* v. *Seagrist, Jr., Co.* (79 App. Div. 614) to authorize an inspection, as such order simply preserved the right which the plaintiff had secured by his contract. (*Martin* v. *New Trinidad Lake Asphalt*

*Co.,* 87 App. Div. 472, 474.) It follows, therefore, that the motion for the inspection should have been granted. The rights of the plaintiff will be preserved by authorizing an inspection of the books and papers at the place of business of the defendant in ordinary course during business hours, and the order to be entered should so provide.

It follows that the order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.