(95 Misc. Rep. 692)

### HECK v. VOELKLE.

(Supreme Court, Trial Term, Monroe County.　June, 1916.)

1. PARTNERSHIP ☞5—ESSENTIALS.

　　To constitute a partnership, the parties must have a proprietary interest in the business and in its profits, and the mere fact that one is interested in the profits does not make him a partner.

　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 13–17; Dec. Dig. ☞5.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PARTNERSHIP ☞9(1)—AGREEMENTS—WHO ARE PARTNERS.

Under a written agreement plaintiff took charge of the restaurant part of defendant's business, receiving as compensation a percentage of the profits. The agreement recited that the parties should not be partners, and plaintiff assumed no financial responsibilities. *Held*, that he could not be treated as a partner merely because of his share in the profits; the contract being one of employment.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 23; Dec. Dig. ☞9(1).]

3. ACTION ☞25(2)—RIGHT TO ACCOUNTING—EQUITABLE ACTION.

That one seeks an accounting does not convert the action into one in equity, requiring determination at Special Term.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–139, 143, 145; Dec. Dig. ☞25(2).]

4. PARTNERSHIP ☞20—RELATION—CREATION.

Plaintiff and defendant were engaged in a business, plaintiff being an employé of defendant. Plaintiff's name was united with that of defendant under an electric sign advertising the business. *Held* that, though plaintiff might be held out to the world as a partner, so as to become liable to creditors, such fact did not change his relation between the parties.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 64–67; Dec. Dig. ☞20.]

Action by Ludwig Philip Heck against Carl Voelkle. Case sent to Trial Term.

William J. Baker, of Rochester, for plaintiff.
John A. Bernhard, of Rochester, for defendant.

RODENBECK, J. [1, 2] This action is brought to recover upon a contract made between the parties, which plaintiff claims is a partnership agreement and defendant claims is an employment agreement. The contract is in writing and provides among other things that the—

"party of the first part [defendant] agrees to employ, and does hereby employ, the party of the second part [plaintiff] to take charge of the restaurant part of said business and to attend to all the details of cooking, preparing, and serving meals and lunches in the said business," and "as the agent of the party of the first part to make all necessary purchases for said lunch and meal portion of said business by and under the direction always of the party of the first part," etc., for which the plaintiff was to receive "one-half (½) the actual net earnings of the entire business, including the sale of liquors, as well as one-half of the profits derived from the meals and lunches so served; it being expressly understood, however, that such sharing in the profits shall not make and constitute the party of the second part a copartner of the party of the first part, but that the relation shall be that of employer and employé, the party of the second part being at all times subject to dismissal by the party of the first part," and the plaintiff "shall in no way be liable for any obligations incurred in connection with said business, nor shall he be deemed the owner of any stock or fixtures in connection therewith."

The contract further provides for an accounting on the 1st day of each month, at which time there was to be determined "the amount to be paid to the party of the second part for his said services." This contract did not create a partnership between the parties. It expressly provides that the plaintiff is the employé of the defendant; all purchases were to be made by the plaintiff as the agent and under the

direction of the defendant; he had no financial responsibility in connection with the business and acquired no title to any of the stock or fixtures used in the business. The terms of the contract make it an employment rather than a partnership contract. The plaintiff was interested in the profits of the business as a means of compensation for services rendered, which would not make him a partner. Cassidy v. Hall, 97 N. Y. 159, 168; Smith v. Bodine, 74 N. Y. 30, 33. To constitute a partnership, parties must have a proprietary interest in the business and in its profits. Magovern v. Robertson, 116 N. Y. 61, 65, 22 N. E. 398, 5 L. R. A. 589. A person making advances and sharing the profits as a means of compensation is not a partner. Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267. A stipulation for a salary and a share of the profits as a further compensation does not constitute a partnership. Lee v. Washburn, 80 App. Div. 410, 80 N. Y. Supp. 1040.

[3] The action, therefore, being on an employment contract, is not properly on the Special Term calendar, and should be sent to the Trial Term for disposition. The fact that the action seeks an accounting does not make it an equitable one, requiring determination at Special Term. Lindner v. Starin, 128 App. Div. 664, 113 N. Y. Supp. 201; Lee v. Washburn, 80 App. Div. 410, 80 N. Y. Supp. 1040; Smith v. Bodine, 74 N. Y. 30, 32.

[4] The parties held themselves out in some respects as partners, erecting an electric sign with their joint names thereon; but these acts, in the face of their written contract, while it might be evidence to create a liability on the part of both of them to creditors, did not change the contractual relation between them from one of employment to one of partnership. Cassidy v. Hall, 97 N. Y. 159, 169.

Judgment accordingly.