(66 App. Div. 566.)

### GEE v. PENDAS et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. COMPLAINT—EQUITABLE RELIEF—ACTION AT LAW—DISMISSAL.
    A complaint that plaintiff was employed by defendants to sell their goods in certain territory, that he was to be paid a certain commission on all sales therein, and that they have not paid the full amount of such commission, and demanding judgment that defendants account to him for the amount due, and pay him such amount, though not sufficient to entitle plaintiff to equitable relief, states a cause of action at law, and should not be dismissed.

2. SAME—STATEMENT OF FACTS—SUFFICIENCY—MOTION TO DISMISS.
    Where defendant answered a complaint, and noticed the cause for trial, his motion at the trial to dismiss the complaint for insufficiency should not be granted, if the facts stated are sufficient, so that a demurrer thereto should be overruled.

3. SAME—PRAYER FOR WRONG RELIEF—EFFECT OF ANSWER.
    Under Code Civ. Proc. § 1207, providing that where there is an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues, a complaint which states a cause of action should not be dismissed, after answer, because plaintiff has prayed for too much or too little, or the wrong relief.
    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Sanford E. Gee against Ysidor Pendas and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

J. Warren Greene, for appellant.
Charles J. Hardy, for respondents.

McLAUGHLIN, J.    The complaint in this action alleges the making of a contract between the parties, by which the plaintiff was employed as a salesman, and, as compensation for services rendered, he was to receive 5 per cent. on all sales of the goods of the defendants in the state of New Jersey, the city of New York, and Long Island, whether such sales were made directly by the plaintiff or otherwise, and also the exclusive right to offer for sale and to sell in such territory all brands of cigars manufactured or dealt in by the defendants, and also the exclusive right to sell said goods in the city of Philadelphia; that the defendants have not paid the plaintiff the full amount of said commissions; and the complaint demands judgment that the defendants account to him for all amounts to which he is entitled under his agreement, and pay to him such amount as upon such accounting may be found due.    The defendants by their answer admit the making of the contract, and allege, among other things, that at a time stated the plaintiff's employment was terminated and ended, and that at that time the accounts between the parties were fully settled and adjusted, and the plaintiff tendered the amount due him.    After issue had been joined, the defendants noticed the cause for trial at a special term of the court, and in pursuance of that notice the action was brought to trial, but before any testimony was taken the defendants' counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action.    The motion was granted, and from the judgment thereafter entered the plaintiff has appealed.

We are of the opinion that the court erred in dismissing the complaint.    It clearly states a cause of action at law.    It is true that the plaintiff was not entitled to the relief asked; that is, he was not entitled to an accounting.    His right to recover was based upon the contract, and he was entitled to recover, if at all, a moneyed judgment.    But the fact that he was not entitled to the equitable relief demanded was no reason why his complaint should have been dismissed.    Had the defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, the demurrer would have been overruled.    Wetmore v. Porter, 92 N. Y. 76.    And they cannot accomplish by the service of a notice of trial what they could not accomplish by a demurrer.    The defendants had interposed an answer, and, having done so, the plaintiff, by permission of the court (section 1207, Code Civ. Proc.), might take any judgment consistent with the cause made by the complaint, and embraced within the issue.    In Murtha v. Curley, 90 N. Y. 377, the court, referring to this section of the Code, said:

"Under our present system of practice, a plaintiff is not to be turned out of court, when an answer has been interposed, because he has prayed for too much or too little or the wrong relief."

But the question here presented, if there was any doubt about it before, was settled by this court in Thomas v. Schumacher, 17 App.

Div. 441, 45 N. Y. Supp. 166. There Mr. Justice Ingraham, writing the opinion, said:

"The defendants also take the objection that to enforce this obligation an action at law was necessary, and not an action for an accounting in equity, and that the plaintiffs have a complete and adequate remedy at law against these defendants, and no standing in equity to maintain this action. If this point, however, is well taken, it would not justify a dismissal of the complaint. Upon the facts proved, the plaintiffs, if the owners of the demand against the defendants, would be entitled to a judgment; and the fact that they had demanded the wrong relief in their complaint, or demanded relief to which they would not be entitled, would not justify the court in dismissing the complaint. If they brought the action to trial as an equity case, when upon the facts alleged the plaintiffs were only entitled to a common-law judgment, and the defendants insisted that the action should be tried before a jury, then, upon a demand that the case be sent to a jury for trial, the court would be bound to so direct; or if at the end of all the testimony the court should be of the opinion that it was an action at law, and not in equity, the court could then refuse the equitable relief, and send the action to be tried at the trial term before a jury. There was no reason, however, why the plaintiffs should be turned out of court, under our system of practice, because, though they alleged facts which entitled them to relief, they asked for the wrong relief, or brought the case on for trial at the wrong term of the court."

An appeal was taken to the court of appeals, and the judgment appealed from was there affirmed, on the opinion delivered by Mr. Justice Ingraham. This case is directly in point, and decisive of the question here presented. See, also, Chaurant v. Maillard, 56 App. Div. 11, 67 N. Y. Supp. 345.

It follows that the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. There was no possible way in which the defendant could have compelled a jury trial. He could not put the case upon the calendar of the jury trial term, because it did not come within the definition of those cases which were triable by jury. The case of Thomas v. Schumacher, 17 App. Div. 441, 45 N. Y. Supp. 166, is no authority for the proposition for which it is cited. That action was tried without objection or suggestion that it was not a case for equitable consideration.