CHARLES FRANCIS JONES, Respondent, *v.* GEORGE HARRY LESTER, Appellant.

*Reference — it cannot be ordered until an issue as to the existence of a partnership is first determined.*

Where the complaint, in an action for an accounting, alleges that the parties were copartners and the answer denies the existence of the partnership, an order of reference cannot be granted, under section 1013 of the Code of Civil Procedure, until the issue as to the existence of the partnership has been first determined.

APPEAL by the defendant, George Harry Lester, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of August, 1902, appointing a referee to hear and determine the issues raised in the action.

*Edmund W. Powers*, for the appellant.

*Charles W. Lefler*, for the respondent.

McLAUGHLIN, J.:

This action was brought for an accounting. The complaint alleged, among other things, that at a time stated the plaintiff and defendant entered into a partnership agreement for the purpose, among others, of conducting a general brokerage business, and by the terms of which the net profits accruing from the business transacted were to be equally divided between plaintiff and defendant. The answer, among other things, denied the existence of the agreement alleged.

After issue had been joined the plaintiff moved that the issue involved be sent to a referee to hear and determine. The motion was granted and defendant has appealed. The motion should have been denied. The action is in equity and the right to equitable relief depends solely upon the existence of the agreement alleged in the complaint, and this having been denied in the answer, it was the issue to be tried. This issue does not require the examination of a long account, or bring the case within the provisions of the Code (§ 1013) which authorize a compulsory reference. The law seems to be well settled that in an action of this character a reference cannot be ordered until it has first been determined whether the parties are or have been copartners. (*Jordan* v. *Underhill*, 71 App. Div. 559; *Knox* v. *Gleason*, 63 id. 99; *Averill* v. *Emerson*, 74 Hun, 157; *Steck* v. *Colorado Fuel & Iron Co.*, 142 N. Y. 236.)

The order appealed from, therefore, must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.