personal property generally, have no relation to game, over which the Legislature has a peculiar power not applicable to personal property in general. That was the effect of the decision in the Bootman Case, supra, as I understand it, as the distinction is there plainly drawn between game in which the people of the state have a peculiar interest, and ordinary personal property, the possession and ownership of which is protected by the Constitution.

I think, therefore, that this judgment was right, and should be affirmed. All concur.

(118 App. Div. 299)

GAYARD et al. v. TEXAS CRUDE OIL & MINING CO. et al.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

SPECIFIC PERFORMANCE—PROCEEDINGS—REFERENCE.

In an action for specific performance of a contract and an accounting, where the existence of the contract is in issue, it is error to send the case to a referee; Code Civ. Proc. § 1013, providing for compulsory reference in cases requiring examination of a long account, not applying to such cases, and the plaintiffs being entitled to have their right to an accounting determined by reference to take an account.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 400.]

Appeal from Special Term.

Action by Julius Gayard and others against the Texas Crude Oil & Mining Company and others. Order for compulsory reference, and plaintiffs appeal. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Walter Garrell Low, for appellants.

McLAUGHLIN, J. This action was brought for the specific performance of an alleged agreement and for an accounting. The answers of the different defendants put in issue the existence of the agreement and the right of the plaintiffs to the relief claimed. After issue had been joined, an order was made referring the matter to a referee to hear and determine, and the plaintiffs appeal therefrom.

The appeal is well taken. The action is in equity, and the right to an accounting depends upon the existence of the alleged agreement; and, this having been denied in the answers of the different defendants, it was the issue to be tried. This issue does not require the examination of a long account, or bring the case within the provisions of the Code (section 1013) which authorize a compulsory reference. The plaintiffs are entitled to have the question of their right to an accounting determined by a trial at Special Term, before a reference can be ordered to take an account. Jones v. Lester, 77 App. Div. 174, 78 N. Y. Supp. 1000; Leary v. Albany Brewing Co., 66 App. Div. 407, 72 N. Y. Supp. 657; Knox v. Gleason, 63 App. Div. 99, 71 N. Y. Supp. 213; Hilton v. Hughes, 5 App. Div. 226, 39 N. Y. Supp. 204; Averill v. Emerson, 74 Hun, 157, 26 N. Y. Supp. 650. If it be there determined that the right to an accounting exists, then a reference may be ordered.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

(118 App. Div. 904)

### PAFF v. STANDARD GASLIGHT CO.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

INJUNCTION—TEMPORARY INJUNCTION—CONTINUANCE.

    In a suit against a gas company to restrain it from cutting off plaintiff's supply of gas, the complaint alleged that plaintiff had been for a considerable time a customer of defendants at certain described premises, that defendant rendered a bill for gas at the rate of $1 per 1,000 cubic feet, and that plaintiff tendered payment at the rate of 80 cents per 1,000 cubic feet, which defendant refused to accept, threatening to cut off the supply of gas unless plaintiff paid at the rate of $1 per 1,000. *Held,* that where plaintiff submitted no affidavit with his motion for a temporary injunction, depending merely on the allegations of the complaint, and where the proof showed that plaintiff was never a customer of defendant, that he had never made any application to be supplied with gas, and that defendant had never threatened to cut off any gas, a temporary injunction should not be continued.

Appeal from Special Term.

Action by Martha Paff against the Standard Gaslight Company to restrain defendant from cutting off plaintiff's supply of gas. From an order granting a temporary injunction, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John A. Garver, for appellant.
Clarence J. Shearn, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff resides at No. 287 Willis avenue, borough of the Bronx, and has been for a considerable period of time a customer of the defendant and user of gas in said premises; that the defendant rendered plaintiff a bill for gas consumed between September 17 and October 8, 1906, amounting to 1,300 cubic feet, at the rate of $1 per 1,000; that the plaintiff tendered defendant payment for 1,300 cubic feet of gas at the rate of 80 cents per 1,000, which defendant has refused to accept, and has threatened to cut off the supply of gas unless the plaintiff pays the bill at the rate of $1 per 1,000 cubic feet.

In opposition to the motion to continue this injunction it appeared without contradiction that the plaintiff never was a customer of the defendant, had made no application to be supplied with gas, and that defendant had made no threat to remove the meter from plaintiff's premises; that one Leonard Paff had applied to the defendant to be supplied with gas, and deposited $5 as security for gas supplied. There was no affidavit of the plaintiff submitted with the motion, the plaintiff depending upon the allegations of the complaint. As the proof before the trial court showed that the plaintiff was never a customer of the defendant, that she had never made any application to be supplied with gas, and that defendant had never supplied her with gas,