(60 Misc. Rep. 431.)

### LINDNER v. STARIN et al.

(Supreme Court, Special Term, Fulton County. September, 1908.)

1. LIMITATION OF ACTIONS (§ 46*)—CONTRACT OF EMPLOYMENT—TIME FOR COMMENCING SUIT.

The right to sue for plaintiff's share of the profits under a contract whereby he was employed as superintendent, his wages to be a certain sum a week and one-third of the profits, accrued immediately upon the termination of his services, and was not postponed until a final winding up of the employers' affairs and a disposition of suits against the employers for damages because of nonperformance by them of contracts made during plaintiff's term of service.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 246; Dec. Dig. § 46.*]

2. REFERENCE (§ 7*)—TAKING OF ACCOUNT.

Under Code Civ. Proc. § 1008, providing that, if in an action triable by a jury the parties waive their right thereto, the action must be tried by the court, unless a reference is directed, and section 1013, providing that the court may, of its own motion or upon the application of either party, direct a trial of the issues of fact by a referee, where the trial will require the examination of a long account and will not require the decision of difficult questions of law, the parties in an action at law for breach of contract may waive a jury without the consent of the court, and upon the trial the action is subject to the power of the court to order a reference.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 7.*]

Action by Arthur E. Lindner against John H. Starin and another. Interlocutory judgment directed for plaintiff upon all the issues of fact, and appointing a referee to state the account between the parties and determine the amount due the plaintiff.

For opinion on appeal, see 128 App. Div. 664, 113 N. Y. Supp. 201.

J. S. Sitterly (H. V. Borst, of counsel), for plaintiff.
George M. Albot (M. L. Stover, of counsel), for defendants.

SPENCER, J. This is an action at law brought by the plaintiff against the defendants to recover for his services as superintendent of the defendants' business; his wages being $40 a week and one-third of the profits. The services began September 1, 1905, and were to continue one year. Prior to the expiration of that time, and on August 1, 1906, the defendants sold their mill and discontinued their business, and paid the plaintiff his weekly wages. He began this action in November, 1907, to recover his share of the profits. There is substantially no dispute of facts. The agreement is set forth in the complaint, and not denied by the answer. The plaintiff has testified

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the terms of the agreement, and the defendants have given no proof on that subject. The discontinuance of the business prior to the expiration of the plaintiff's term of service was not denied. Since such discontinuance the defendants have been engaged in adjusting and closing up their copartnership affairs. The plaintiff makes no claim for damages for the closing of defendants' business prior to the expiration of his term.

The defendants' only contention is that the action is premature, and that no action can be maintained until the copartnership affairs have been adjusted and the net profits thereof determined. I think this cannot be so. I am of the opinion that the plaintiff's cause of action accrued immediately upon the termination of his services. When the contract was made the defendants were a going concern. The profits in which the plaintiff was to share were profits made during the period of his service, to be computed and determined in the same way that all going concerns adopt in arriving at annual profits. The plaintiff was not to await a final winding up of defendants' affairs. That event was not contemplated. The term "net profits" has no fixed meaning, and does not imply a complete and final adjustment of all demands and liabilities. Net profits are frequently based in part upon estimates in respect to contingent liabilities and doubtful credits.

The defendants have introduced proof that, since the termination of their business, numerous suits have been instituted against them for the recovery of damages because of the nonperformance by them of contracts made during the plaintiff's term of service, and contend that the plaintiff may not maintain a suit for his share of the profits until such litigations are disposed of. This, I think, is not so. The bringing of suits against them does not affect the right of the plaintiff to bring his action. If so, he could not demand payment until every claim adverse to the defendants had been settled or outlawed and every litigation terminated. There is no other place to draw the line. It must be either at the conclusion of the period of his service or after every liability and credit has been determined. I am, therefore, of the opinion that the action is not premature.

Both parties have introduced statements taken from the books of the defendants. They are profit and loss accounts, and are intended to show the profits of the defendants during the plaintiff's term of service. No two of these statements agree, and they cover different periods of time. They all, however, show large profits during the periods covered by them. Certain items included in one are not included in the others, and there are disputes as to whether some properly belong to an account of business during the plaintiff's period of service. I am of the opinion that a finding as to the net profits based upon these statements would be unsatisfactory and liable to error. If it be true that the court has power to order a reference in regard to such matters, I think it should be done in the furtherance of justice. The testimony in respect to the pending suits was introduced solely on the issue that the action was premature. There is no proof as to what, if any, allowance should be made for the contingent liabilities in those actions. Unless an accounting be had in respect to those matters, a judgment for the plaintiff would necessarily exclude

every element connected with such litigations. I am, therefore, of the opinion that in justice to the defendants such reference should be had.

I have therefore concluded to adopt the suggestion made by the plaintiff in his argument and brief, and direct that an interlocutory judgment be entered in favor of the plaintiff, directing that an accounting be had in respect to the profits during plaintiff's term of service as shown by the defendants' books, and also concerning the pending litigations, so far as the latter are connected with such period. The practice in a case like this is not entirely clear. In Smith v. Bodine, 74 N. Y. 30, the action was at law, the same as here, except that the element of pending suits was not involved. The case was sent to a referee, and he proceeded to take an account of the business of the defendants, in order to ascertain the profits and thereby determine the compensation of the plaintiff. The practice therein adopted and approved seems to have been carried into the Code of Civil Procedure by sections 1013, 1014, 1015. Wisner v. Consolidated Fruit Jar Co., 25 App. Div. 362, 49 N. Y. Supp. 500. In the case of Black v. Vanderbilt, 70 App. Div. 16, 21, 74 N. Y. Supp. 1095, Mr. Justice Laughlin, in his dissenting opinion, discusses the question of practice in actions of law where the taking of an account is required, saying:

"An action to recover compensation determinable by the profits of an individual or firm is an action at law, and under the authorities the account may be taken by the court or upon a reference."

The only possible objection that occurs to me to such a procedure is that an action at law is triable by a jury and a reference may not be had without consent. But the parties to this action have waived their right to a trial by jury and the case is on trial before a justice. Such an instance seems to be covered by section 1008 of the Code of Civil Procedure, which provides that an action must be tried by the court without a jury unless a reference is directed in a case prescribed by law. The provisions, as to when a reference may be ordered to decide any of the issues or to find upon one or more specific questions of fact in actions triable by the court, are found in section 1013, Code Civ. Proc., where it is provided that a reference may be had in all such actions. This includes actions to recover damages for a breach of contract wherein a trial by jury has been waived. Code Civ. Proc. § 1008. It would seem to be the intent of these provisions that in all actions at law for a breach of contract the parties may waive a jury without the consent of the court, and that upon the trial the action is subject to the power of the court to order a reference; that in all those actions which are not for breach of contract a jury cannot be waived unless the judge presiding at the term assents, and in such cases there is no power to order a reference for any purpose. The case at bar, being an action at law to recover for breach of contract, seems to fall directly within the provision first mentioned.

Let findings of fact and conclusions of law be prepared in harmony with the views herein expressed, and an interlocutory judgment entered in favor of the plaintiff and against the defendants upon all the issues of fact in said action; and let said judgment provide that Edward C. Whitmeyer, of Schenectady, N. Y., be appointed referee

herein to take an account of the business transactions of the defendants during the period of the plaintiff's services, including the contracts involved in pending litigations, and report to this court, upon which final judgment may be entered.

Ordered accordingly.