(67 Misc. Rep. 560.)

### SEARLE v. HALSTEAD & CO.

(Supreme Court, Special Term, New York County. May, 1910.)

1. DISCOVERY (§ 108*)—EXAMINATION BEFORE TRIAL—PRODUCTION OF BOOKS AND PAPERS—USE IN ANOTHER PROCEEDING.

A motion to examine defendant corporation, under Code Civ. Proc. § 872, by interrogating its officers, is a separate proceeding from one subsequently instituted to examine the former secretary of the defendant under subdivision 5 of said section; and the books of the corporation, produced under a subpœna duces tecum in the first proceeding, cannot be used to refresh the memory of the witness in the latter proceeding.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 140; Dec. Dig. § 108.*]

2. WITNESSES (§ 258*)—EXAMINATION—REFRESHING MEMORY.

Where, on examination of officers of a corporation, the treasurer testifies that an examination of the books does not refresh his recollection as to a transaction of which he had no personal knowledge, he cannot state what the books showed as to such transaction.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 893, 895, 896; Dec. Dig. § 258.*]

3. REFERENCE (§ 28*)—CONDITIONS OF GRANTING.

The court in making a reference to hear a case involving a long account may impose as a condition that the moving party produce before the referee books and papers necessary for the examination.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 48; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Clifford N. Searle against Halstead & Co. Certificate by referee asking questions as to his duties in examination before trial, and motion by the plaintiff to compel answers to certain questions, and motion by defendant for reference to hear and determine. Motion for plaintiff denied, and referee appointed on motion by defendant on conditions.

Order modified and affirmed, 139 App. Div. 134, 123 N. Y. Supp. 984.

See, also, 129 App. Div. 899, 113 N. Y. Supp. 1146; 124 N. Y. Supp. 1129.

P. B. Adams, for plaintiff.
William H. Wadhams, for defendant.

WHITNEY, J. In this action, which is for commissions upon sales of "Verifine" lard, a referee was appointed to take the depositions of four officers of the defendant corporation, under section 873 of the Code of Civil Procedure. The referee subsequently subpœnaed one of them to produce certain papers belonging to the corporation "for the purpose of having them examined by the witness during his examination to refresh his recollection." The object of obtaining this subpœna was evidently to secure in this manner the equivalent of a discovery, which it seems cannot be had when defendant is a foreign corporation and the books are without the state. Snow, Church & Co. v. Snow, Church Co., 80 App. Div. 40, 80 N. Y. Supp. 512. Defendant, claimed that by the same reasoning a defendant foreign corporation could be forced to bring its books within the state for use as aids to an oral examination here. An appeal was therefore taken to the Appellate Division from an order denying a motion to vacate the subpœna, but resulted in an affirmance without opinion. 136 App. Div. 937, 121 N. Y. Supp. 1147. It then appeared that none of the present officers of the corporation knew anything about the matters at first hand, so that the books could not be used to refresh their recollection. Subsequently plaintiff obtained a new order, directing the former secretary of the corporation, who had left its employ and was not a party to the action, to be examined before trial before the same referee. A motion was made to vacate this order, but it was sustained upon the analogy of Chittenden v. San Domingo Improvement Co., 132 App. Div. 169, 116 N. Y. Supp. 829, the court holding that the resignation of the secretary pendente lite, although without bad faith appearing, constituted a "special circumstance" within section 872. No appeal was taken from this order. A new difficulty arose, as the secretary could not testify without refreshing his memory from the books, and the books were only before the referee for the purpose of refreshing the memories of the witnesses under the first order of reference. Plaintiff, therefore, contended that the orders were both in the same proceeding, and that the subpœna, although its language permitted the books to be used only by the present president, impliedly permitted their use also by the ex-secretary, and the referee has certified to the court the question whether there is one proceeding before him or two.

The very recent case of Chartered Bank v. North River Ins. Co., 136 App. Div. 646, 121 N. Y. Supp. 399, which seems not to have been brought to the attention of the referee, requires the answer that there

are two proceedings, which must be treated as entirely separate. No use in the second proceeding, therefore, can be made of the subpœna issued in the first, nor can the third party make use of the books unless they are voluntarily produced. What the plaintiff is really trying for is simply a discovery of the books. He has failed to escape from the doctrine of the Snow-Church Case, and the second and third questions of the referee must be answered in the negative.

Plaintiff notices a motion for certain relief, part of which must be denied for the reasons already stated. He also asks that defendant's treasurer be compelled to answer certain questions which he has been directed by the referee to answer under the first order of reference Having testified that he did not know of any sales of "Verifine" lard to a certain firm, he was asked to refer to the books and state the first sale to that firm. He referred to the books, and stated that they did not refresh his memory. Nevertheless he was directed to refer to the books and state the first sale—in other words, to read the entry in evidence, although he knew no more about it than any outsider. This was an attempt to use the books for a purpose not warranted by the language of the subpœna or by the judicial decisions sustaining the subpœna—to use the subpœna as if it was an order for discovery. A series of other directions were made along the same line, and all of them affected, as it appears to me, with the same error. Plaintiff's motion must be denied, with costs.

Defendant moves for a reference of all the issues. I think that the complaint unquestionably contains a long account within the meaning of section 1013 of the Code, and that the case is one which could not practically be heard by a jury. Plaintiff cites but two cases in opposition. Snell v. Niagara Paper Mills, 193 N. Y. 433, 86 N. E. 460; Lindner v. Starin, 128 App. Div. 664, 113 N. Y. Supp. 201. The first of these was held nonreferable because the long account was contained in a counterclaim, while the complaint is the test, and the second because the court came to the conclusion that the differences between the parties were so few that a reference was unnecessary. Defendant is supported by a long line of authorities, of which but a few need be named. Robinson v. N. Y., L. E. & W. R. R. Co., 55 N. Y. Super. Ct. 152, affirmed 109 N. Y. 658, 17 N. E. 867; Rowland v. Rowland, 141 N. Y. 485, 36 N. E. 504; Boisnot v. Wilson, 95 App. Div. 489, 88 N. Y. Supp. 867. The remedy, however, is in the discretion of the court. A referee will be appointed if the defendant stipulates, upon settlement of the order on this motion, to produce before the referee all of its books, letters, and other documents relating to the sale of lard branded with the name "Verifine" during the period in controversy upon which no commissions have been paid to the plaintiff; otherwise, the motion will be denied, with costs.

Ordered accordingly.